IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL BRANDON YOUNG                                                                   PLAINTIFF

VS.                                          4:22-CV-00144-BRW

FAULKNER COUNTY DHS, *ET AL.*                                                         DEFENDANTS

**ORDER**

Plaintiff, who is in custody at the Benton County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983,[1] and submitted an application for leave to proceed *in forma pauperis* (Doc. No. 2). Based on the documentation Plaintiff provided, the request to proceed *in forma pauperis* is GRANTED. For the reasons stated below, this case is DISMISSED.

**I.      *IN FORMA PAUPERIS* APPLICATION**

Prisoners who are allowed to file civil actions *in forma pauperis* still must pay a $350.00 filing fee.[2] If a prisoner cannot afford to pay the filing fee in a lump sum, money is withdrawn from his prison trust fund account in monthly installments.[3]

Because Plaintiff's calculation sheet indicates that his initial filing fee would be zero dollars, he will not have an initial payment. However, Plaintiff's present custodian is directed to collect, and send to the Clerk of the Court, monthly installments equal to 20% of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account

---

[1] Doc. No. 1.

[2] 28 U.S.C. §1915(b)(1).

[3] 28 U.S.C. § 1915(b)(1)-(2).

1

exceeds $10.00, until the $350 filing fee is fully paid.[4]  All payments should be clearly identified by the name and number assigned to this case.

The Clerk of Court is directed to send a copy of this Order to the Benton County Detention Center, 1300 SW 14th Street, Bentonville, AR 72712.

## II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.[5]  In such cases, a court must summarily dismiss all claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from liability.[6]

Although DHS is listed as a defendant, Plaintiff alleges nothing specific against DHS. As for Kathy Harper, a DHS employee, Plaintiff alleges that she sent text messages to Scotty Feltman about Plaintiff's alleged drug use resulting in Plaintiff losing custody of his children. Plaintiff alleges that Melissa Lowe, who also works at DHS, "sabotaged" him by testifying that he was not complying with "DHS or the courts." Plaintiff asserts causes of action for HIPPA violations, exploitation of a minor, abuse of public office, negligence, dereliction of duties, and defamation.  He asks that charges be brought against Ms. Harper and Ms. Lowe, that he be given custody of his child, and seeks $500,000 in compensatory damages.

First, claims against DHS and Ms. Harper and Ms. Lowe in their official capacity must be dismissed because all three are entitled to immunity from § 1983 claims under the Eleventh

---

[4]28 U.S.C. § 1915(b)(1)-(2).

[5]28 U.S.C. § 1915A(a).

[6]28 U.S.C. § 1915A(b).

Amendment.[7]  Second, there is no private cause of cause action for a HIPPA violation.[8]  Third, causes of action for defamation[9] and negligence[10] cannot be brought under § 1983.  Fourth, dereliction of duties and exploitation of a minor are not civil causes of action.  Finally, this Court lacks jurisdiction to review state-court decisions regarding parental rights.[11]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.  However, this case is DISMISSED.

IT IS SO ORDERED this 22nd day of February, 2022.

> Billy Roy Wilson_____
> UNITED STATES DISTRICT JUDGE

---

[7]*Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

[8]*Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPPA does not create a private right of action").

[9] *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995) ("A cause of action for defamation is not cognizable under section 1983.").

[10]*Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (mere negligence insufficient to establish culpability under § 1983).

[11]*Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir.2003) (concluding Rooker–Feldman doctrine bared the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Roman-Nose v. N.M. Dep't of Human Services*, 967 F.2d 435, 437 (10th Cir.1992) (Federal courts do not have subject matter jurisdiction over § 1983 claims that effectively seek review of state court child custody determinations).